## BURT, Appellant, *v.* WASHINGTON, Respondent.

The statute of 1850, providing for the lien of mechanics and others, limits the *structures* on which parties can obtain such lien, to *buildings* and *wharves*. Under this act, no such lien could be had on bridges.

APPEAL from the Ninth Judicial District.

The opinion of the court contains a statement of the facts in the case.

WELLS, Justice, delivered the opinion of the court. HEYDEN-FELDT, Justice, concurred.

Murray and others contracted to construct a bridge in Battle County. They employed Wedry and others to get out timber in the mountains, for the construction of the bridge; and paid them a portion of their wages in advance. For the balance, Wedry and others sued and recovered judgment. They had previously filed a notice, in the Recorder's office of Battle County, of their intention to hold a mechanic's lien upon the timber they had cut. Before a recovery of the judgment, the plaintiff purchased and took possession of the timber. The defendant, who is a constable, levied the execution issued on the judgment upon this timber; and the present action was brought to recover its possession from him. The only question for this court is, whether Wedry and others could hold a mechanic's lien for their wages on the timber cut by them.

It is clear they could not. The statute of 1850, providing for the lien of mechanics and others, limits the structures on which parties can have a lien, to buildings and wharves. By a recent act, a lien may be held on bridges; but at the time of the purchase by the plaintiff, no such lien could be held.

The judgment must be reversed, and the cause remanded.

Ordered accordingly.